Judge McMahon 10 CIV 6875

Robert L. Epstein
Jason M. Drangel
William C. Wright
EPSTEIN DRANGEL BAZERMAN & JAMES, LLP
60 East 42nd Street, Suite 820
New York, NY 10165
Tel.: (212) 292-5390
Fax: (212) 292-5391

*Attorneys for Plaintiff*
*Jimlar Corporation*

RECEIVED
SEP 13 2010
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

JIMLAR CORPORATION d/b/a
THE FRYE COMPANY,

                Plaintiff,

     v.

PLEASER USA, INC.

              Defendant

------------------------------------------------------------X

                    **COMPLAINT
                    AND JURY DEMAND**

       Plaintiff JIMLAR CORPORATION d/b/a THE FRYE COMPANY, for

its complaint against Defendant PLEASER USA, INC. alleges upon knowledge as to its

own acts and upon information and belief as to all other matters as follows:

### NATURE OF THE ACTION

       1.     This is an action for, among other claims, infringement of a

registered trademark, false designation of origin, trade dress infringement and unfair

competition on the part of Defendant Pleaser USA, Inc. who intentionally and willfully copied Plaintiff's trade dress including Plaintiff's registered trade mark on products offered for sale and sold in interstate commerce in direct competition with Plaintiff's products without permission of plaintiff.

2.    As a result of Defendant's actions, Defendant has violated federal trademark laws, and common law and state unfair competition statutes.

3.    Defendant's wrongful conduct, as described herein, continues unabated. Unless Defendant is restrained from infringing Plaintiff's intellectual property and competing unfairly in their business, Defendant will continue to irreparably harm Plaintiff and its reputation in the marketplace.

## JURISDICTION AND VENUE

4.    Jurisdiction is conferred on this Court pursuant to 15 U.S.C. §1121, 28 U.S.C. §§1331, 1338(a) and (b), and 1367 on the grounds that the Complaint asserts a cause of action for infringement of a registered trademark arising under the Trademark Act of 1946; as amended (15 U.S.C. §1114); trade dress infringement, false designation of origin and unfair competition in violation of Section 43(a) of the Trademark Act of 1946, as amended (15 U.S.C. §1125(a)); and for related New York statutory and common law claims of unfair competition arising from Defendant's improper use and misappropriation of Plaintiff's intellectual property. In addition, this Court has jurisdiction pursuant to 28 U.S.C. §1332(a) because the parties' citizenship is diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.      This Court has personal jurisdiction over Defendant because, on information and belief, Defendant is distributing and selling infringing merchandise within this State, has engaged in acts or omissions within this State causing injury, has engaged in acts or omissions outside of this State causing injury within this State, has distributed products within this State in the ordinary course of trade, or has otherwise made or established contacts with this State sufficient to permit the exercise of personal jurisdiction.

6.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 on the grounds that: (i) Defendant conducts business in this District, and (ii) a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

**PARTIES**

7.      Plaintiff, Jimlar Corporation d/b/a The Frye Company, is a corporation organized and existing under the laws of the State of New York and maintains its principal offices at 160 Great Neck Road, Great Neck, NY 11021.

8.      Upon information and belief, Defendant Pleaser USA, Inc. is a company organized and doing business in the State of California, and maintains its principal office at 679 S. Placentia Ave., Fullerton, CA 92831

3

## FACTUAL AVERMENTS

9.     The Frye Company was founded in 1863 and is believed to be the oldest continuously operating footwear company in the United States. The Frye Company supplies men's, women's and children's footwear under the FRYE trade name and Plaintiff's FRYE trademark, Plaintiff's FRYE & FF Design trademark, and Plaintiff's FF Design trademark, which footwear is sold to the public through retail stores throughout the United States, including this District, and worldwide, and through the Internet on Plaintiff's website.

10.    As a result of many years of selling quality footwear, the FRYE trade name and Plaintiff's FRYE trademark, Plaintiff's FRYE & FF Design trademark, and Plaintiff's FF Design trademark have acquired an excellent reputation within the trade and with the public of selling products of superior craftsmanship using high quality materials as well as providing quality customer service.

11.    Since at least as early as 1978, Plaintiff and its predecessors have been offering for sale and selling footwear including boots in conjunction with Plaintiff's FF Design trademark in interstate commerce.

12.    Through extensive sales and advertising of Plaintiff's footwear in conjunction with the Plaintiff's FF Design trademark, Plaintiff's FF Design trademark has become well known to the trade and to the public and Plaintiff's FF Design trademark has become associated with Plaintiff as the source thereof and has attained secondary meaning.

4

13.     Since at least as early as 2004, Plaintiff has been offering for sale and selling several styles of boots with a distinctive trade dress including a shaft with Plaintiff's FF Design trademark prominently displayed thereon ("Plaintiff's FF Design Boot Trade Dress"), in interstate commerce. Exhibits A and B hereto are respectively images of the front and side of one of Plaintiff's boot styles with the Plaintiff's FF Design Boot Trade Dress thereon and a close-up image of the boot shaft showing Plaintiff's FF Design trademark thereon.

14.     Plaintiff is the owner of U.S. Trademark Registration No. 3,039,511 issued January 10, 2006 of the FF Design Trademark (the "registered FF Design Trademark") for leather and clothing products including footwear, which registration is valid and subsisting. Exhibit C annexed hereto is a copy of that registration.

15.     Through extensive sales of Plaintiff's boots with Plaintiff's FF Design Boot Trade Dress, Plaintiff's FF Design Boot Trade Dress has become well known to the trade and to the public and Plaintiff's FF Design Boot Trade Dress has become associated with Plaintiff as the source thereof and has attained secondary meaning.

16.     As a result of the secondary meaning attained by Plaintiff's FF Design Boot Trade Dress, a number of companies other than Defendant have infringed upon Plaintiff's trademark and trade dress rights by copying Plaintiff's FF Design Boot Trade Dress, including Plaintiff's registered FF Design Trademark, without permission, and Plaintiff has taken the necessary actions to stop such infringements.

### Defendant's Conduct

17.     Upon information and belief, Defendant is a manufacturer and wholesale distributor of women's footwear to consumers in interstate commerce through "brick and mortar" stores and Internet retailers.

18.     Upon information and belief, Defendant is currently and has been offering for sale and selling women's cowboy boots in interstate commerce under the designation "Funtasma" and/or "126" (the "Infringing Boots") which bear a reproduction of Plaintiff's registered FF Design Trademark, and a copy of Plaintiff's FF Design Boot Trade Dress, in direct competition with Plaintiff's products, without authorization of Plaintiff to do so.

19.     Exhibits D and E hereto are respectively images of the front and side of one of the Infringing Boots offered for sale and sold by Defendant, and a close-up of the shank of one of Defendant's Infringing Boots showing the imitation of Plaintiff's registered FF Design Trademark thereon.

20.     The Infringing Boots offered for sale and sold by Defendant are confusingly similar to and compete directly with the products of Plaintiff, including the boot styles with the FF Design Boot Trade Dress sold by Plaintiff.

21.     Defendant's use of confusingly similar imitations of Plaintiff's FF Design Boot Trade Dress, including Plaintiff's registered FF Design Trademark, is likely to deceive, confuse and mislead prospective purchasers and purchasers into believing that the Infringing Boots sold by Defendant are manufactured by, authorized by or in some manner associated with Plaintiff, which they are not.   The likelihood of confusion,

6

mistake and deception engendered by Defendant's misappropriation of Plaintiff's FF Design Boot Trade Dress, including Plaintiff's registered FF Design Trademark, is causing irreparable harm to the goodwill symbolized by Plaintiff's FF Design Boot Trade Dress and Plaintiff's registered FF Design Trademark.

22.     Defendant's activities are likely to cause confusion before, during, and after the time of purchase because purchasers, prospective purchasers and others viewing Defendant's Infringing Boots at the point of sale or in use are likely -- due to Defendant's use of confusingly similar imitations of Plaintiff's FF Design Boot Trade Dress and Plaintiff's registered FF Design Trademark -- to mistakenly attribute the products to Plaintiff.  This is particularly damaging with respect to those persons who perceive a defect or lack of quality in Defendant's products.  By causing such a likelihood of confusion, mistake and deception, Defendant is inflicting irreparable harm to the goodwill symbolized by Plaintiff's FF Design Boot Trade Dress and Plaintiff's registered FF Design Trademark, and the reputation for quality that they embody.

23.     Upon information and belief, Defendant's Infringing Boots are of inferior quality as compared to Plaintiff's products and Defendant has offered for sale, and sold, and continues to sell Infringing Boots bearing a colorable imitation of Plaintiff's FF Design Boot Trade Dress and an almost exact reproduction of Plaintiff's registered FF Design Trademark, at a price that is substantially lower than the price at which Plaintiff and its retail customers offer for sale and sell Plaintiff's corresponding products, including Plaintiff's boot styles with Plaintiff's FF Design Boot Trade Dress.

## DAMAGES COMMON TO ALL CLAIMS

24.     By reason of the acts of the Defendant complained of herein, Plaintiff has suffered and continues to suffer monetary damages, in an amount to be determined, based upon the sales by Defendant of the Infringing Boots.

25.     The wrongful conduct of Defendant has deprived Plaintiff of goodwill and injured Plaintiff's relationships with retailers, distributors and the public.

26.     As a result of the conduct of Defendant, Plaintiff is suffering, and will continue to suffer irreparable harm and damage.  Defendant will, unless restrained and enjoined, continue to act in the unlawful manner complained of herein, to Plaintiff's irreparable injury.  Plaintiff's remedy at law is not adequate to compensate for the injuries suffered and threatened.

## COUNT I

### (Infringement of Registered Trademark)

27.     Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 26 as if fully set forth herein.

28.     Defendant's use of confusingly similar imitations of Plaintiff's registered FF Design Trademark on the Infringing Boots is likely to cause confusion, deception, and mistake by creating the false and misleading impression that the Infringing Boots sold by defendant are manufactured or distributed by Plaintiff, or are associated or connected with Plaintiff, or have the sponsorship, endorsement, or approval of Plaintiff.

8

29.    Defendant has used a design in commerce that is confusingly similar to Plaintiff's registered FF Design Trademark in violation of 15 U.S.C. §1114, and Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to Plaintiff's goodwill and reputation as symbolized by Plaintiff's registered FF Design Trademark, for which Plaintiff has no adequate remedy at law.

30.    Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's registered FF Design Trademark to Plaintiff's great and irreparable injury.

31.    Defendant has caused and is likely to continue causing substantial injury to the public and to Plaintiff and Plaintiff is entitled to injunctive relief and to recover Defendant's profits, Plaintiff's damages including lost profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

## COUNT II
**(Federal Unfair Competition as to the FF Design Trademark)**

32.    Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 31 of this Complaint.

33.    Defendant's use of a confusingly similar imitation of Plaintiff's FF Design trademark on the Infringing Boots sold by Defendant has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression

9

that the Infringing Boots sold by Defendant are manufactured or distributed by Plaintiff, or are affiliated, connected, or associated with Plaintiff, or have the sponsorship, endorsement, or approval of Plaintiff.

34.     Through the use of an imitation of Plaintiff's FF Design trademark on the Infringing Boots sold by Defendant, Defendant has made false representations, false descriptions, and false designations or origin of the Infringing Boots in violation of 15 U.S.C. §1125(a), and Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to Plaintiff's goodwill and reputation as symbolized by Plaintiff's FF Design trademark, for which Plaintiff has no adequate remedy at law.

35.     Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's FF Design trademark to the great and irreparable injury of Plaintiff.

36.     Defendant's conduct has caused, and is likely to continue causing, substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief and to recover Defendant's profits, Plaintiff's damages including lost profits, enhanced profits and damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§1125(a), 1116 and 1117.

## COUNT III

**(Federal Unfair Competition as to Plaintiff's FF Design Boot Trade Dress)**

37.     Plaintiff repeats and re-alleges each and every allegation contained

10

in Paragraphs 1 through 36 of this Complaint.

38.     Plaintiff's FF Design Boot Trade Dress has acquired secondary meaning through extensive sales and advertising, as evidenced by the unauthorized use and imitation thereof by many third parties.

39.     Defendant's use of confusingly similar imitations of Plaintiff's FF Design Boot Trade Dress has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that the Infringing Boots sold by defendant are manufactured or distributed by Plaintiff, or are affiliated, connected, or associated with Plaintiff, or have the sponsorship, endorsement, or approval or Plaintiff.

40.     Through the use of an imitation of Plaintiff's FF Design Boot trade Dress on the Infringing Boots sold by defendant, Defendant has made false representations, false descriptions, and false designations or origin of its goods in violation of 15 U.S.C. §1125(a), and Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to Plaintiff's goodwill and reputation as symbolized by the Plaintiff's FF Design Boot Trade Dress, for which Plaintiff has no adequate remedy at law.

41.     Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's FF Design Boot Trade Dress to the great and irreparable injury to Plaintiff.

42.     Defendant's conduct has caused, and is likely to continue causing, substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief and to recover Defendant's profits, plaintiff's damages including lost profits, enhanced

profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§1125(a), 1116 and 1117.

## COUNT IV
### (Common Law Unfair Competition)

43.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 42 of this Complaint.

44.     Defendant, by reason of the foregoing acts, has willfully and intentionally traded upon and appropriated to itself the reputation and valuable goodwill of Plaintiff and acted to create likelihood of confusion and mistake on the part of the purchasing public and the trade as to the source or sponsorship of goods sold by Defendant. Defendant's acts are likely to lead the trade and public mistakenly to believe that Defendant's goods are in some way sponsored by, or associated with Plaintiff and create the false impression that Defendant's goods are distributed under Plaintiff's aegis and authority.

45.     Defendant's activities constitute unfair competition, unprivileged imitation and a misappropriation and infringement of Plaintiff's rights, all to Plaintiff's injury and detriment. Defendant has engaged in the above conduct willfully, maliciously, and/or in reckless disregard of Plaintiff's rights.

46.     The aforesaid acts of Defendant constitute infringement, misappropriation and misuse of Plaintiff's intellectual property, false advertising, passing off and unfair competition with Plaintiff in violation of the common law of the State of New York.

12

## COUNT V

### (Violation of Deceptive Trade Practices Act – Gen. Bus. Law § 349)

47.     Plaintiff repeats and re-alleges each of the allegations set forth in paragraphs 1 through 46 of this Complaint as if fully set forth herein.

48.     Defendant's aforementioned conduct is false, misleading and constitutes the use of deceptive acts or practices in the conduct of business, trade or commerce and is misleading the public and injuring the good will and reputation of Plaintiff in violation of N.Y. Gen. Bus. Law §§ 349.

## COUNT VI

### (False Advertising - N.Y. Gen. Bus. Law § 350)

49.     Plaintiff repeats and re-alleges each of the allegations set forth in paragraphs 1 through 48 of this Complaint as if fully set forth herein.

50.     By reason of the foregoing acts, Defendant has engaged in and is continuing to engage in acts which are misleading the public and injuring the good will and reputation of Plaintiff in violation of N.Y. Gen, Bus. Law § 350.

## COUNT VII

### (Injury to Business Reputation and Dilution – N.Y. Gen. Bus. Law § 360)

51.     Plaintiff repeats and re-alleges each of the allegations set forth in paragraphs 1 through 50 of this Complaint as if fully set forth herein.

13

52.    Defendant, by willfully and intentionally copying and advertising products with the infringing "FF" Design Boot Trade Dress and Plaintiff's registered "FF" Design Trademark, in such a manner as to confuse the public as to the origin of the goods, and/or to lead the public to believe that Defendant's product is in some way associated with or sponsored by Plaintiff, and having traded upon and appropriated to itself the reputation and valuable goodwill of Plaintiff, has acted, and continue to act, in a manner injurious to Plaintiff's business reputation, and/or to dilute the distinctive character of Plaintiff's name, Plaintiff's FF Design Boot Trade Dress and Plaintiff's registered FF Design trademark in violation of New York Gen. Bus. Law § 360.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Court enter judgment:

1.    Preliminarily and permanently enjoining Defendant Pleaser USA, Inc., and any and all officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with Defendant who receive actual notice of the order by personal service or otherwise, from:

a.    using Plaintiff's registered FF Design Trademark and/or Plaintiff's FF Design Boot Trade Dress, or any copy, reproduction, or colorable imitation or simulation thereof on or in connection with Defendant's goods or services;

b.    using any trademark, service mark, name, logo, design or source designation of any kind on or in connection with Defendant's goods or services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to the trademarks or trade dress of Plaintiff;

c.      using any trademark, trade dress, service mark, name, logo, design or course designation of any kind on or in connection with Defendant's goods or services that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by Plaintiff, or are sponsored or authorized by Plaintiff, or are in any way connected or related to Plaintiff;

d.      using any trademark, trade dress, service mark, name, logo, or design or source designation of any kind on or in connection with Defendant's goods or services that dilutes or is likely to dilute the distinctiveness of the trademark, trade dress, names, or logos of Plaintiff; and

e.      passing off, palming off, or assisting in passing off or palming off, Defendant's goods or services as those of Plaintiff, or otherwise continuing any and all acts of unfair competition, as alleged in this Complaint;

2.      Defendant Pleaser USA, Inc. be ordered to recall all products and all advertising materials bearing Plaintiff's registered FF Design Trademark, Plaintiff's FF Design Boot Trade Dress, or any confusingly similar variation thereof, which have been shipped by Defendant or under its authority, to any customer, including, but not limited to, any wholesaler, distributor, retailer, consignor, or marketer, and also to deliver to each customer and to each recipient of advertising materials including same a copy of this Court's order as it relates to said injunctive relief against Defendant;

3.      Defendant Pleaser USA, Inc. be ordered to deliver up for impoundment and for destruction all boots, advertising materials, catalogs, stationery or other materials in the possession, custody, or under the control of Defendant that are found to adopt, to infringe, or to dilute any of Plaintiff's trademarks or trade dress or that otherwise unfairly compete with Plaintiff and their products and services;

4.      Defendant Pleaser USA, Inc. be compelled to account to Plaintiff for any and all profits derived by Defendant from the sale or distribution of infringing goods as described in this Complaint;

5.      Plaintiff Pleaser USA, Inc. be awarded all damages caused by the acts forming the basis of this Complaint, including Plaintiff's profits lost as a result of the sales of the Infringing boots by Defendant;

6.      Based on Defendant's knowing and intentional use of confusingly similar limitation of Plaintiff's registered FF Design Trademark and Plaintiff's FF Design Boot Trade Dress, the damages award be trebled and the award of Defendant's profits be enhanced as provided for by 15 U.S.C. §1117 (a);

7.      Defendant pleaser USA, Inc. be required to pay to Plaintiff the costs and reasonable attorneys' fees that Plaintiff has and will incur in this action pursuant to 15 U.S.C. §1117(a) and the state statutes cited in this Complaint;

8.      Based on Defendant's willful and deliberate infringement and dilution of Plaintiff's FF Design Trademark and Plaintiff's FF Design Boot Trade Dress, and to deter such conduct in the future, Plaintiff be awarded punitive damages; and

9.   Ordering such other and further relief as this Court deems just and

proper.

Dated: September 10, 2010

**EPSTEIN DRANGEL BAZERMAN &**
**JAMES, LLP**

By:_____
Robert L. Epstein
Jason M. Drangel
William C. Wright
Attorneys for Plaintiff
60 East 42nd Street, Suite 820
New York, NY 10165
Tel: 212-292-5390
Fax: 212-292-5391

17

## JURY DEMAND

Plaintiff, JIMLAR CORPORATION d/b/a THE FRYE COMPANY hereby demands a trial by jury of all issues so triable.

Dated: September 10, 2010                    **EPSTEIN DRANGEL BAZERMAN &**
                                             **JAMES, LLP**

By: _____
Robert L. Epstein
Jason M. Drangel
William C. Wright
Attorneys for Plaintiff
60 East 42nd Street, Suite 820
New York, NY 10165
Tel: 212-292-5390
Fax: 212-292-5391

18

# EXHIBIT A



# EXHIBIT B



# EXHIBIT C

Int. Cls.: **18 and 25**

Prior U.S. Cls.: **1, 2, 3, 22, 39 and 41**

**United States Patent and Trademark Office**

Reg. No. 3,039,511
Registered Jan. 10, 2006

**TRADEMARK**
**PRINCIPAL REGISTER**



JIMLAR CORPORATION (NEW YORK COR-
PORATION)
160 GREAT NECK ROAD
GREAT NECK, NY 11021

FOR: LEATHER BAGS, NAMELY, DUFFLE
BAGS, PURSES BRIEFCASES AND SMALL LEA-
THER GOODS, NAMELY, WALLETS, IN CLASS 18
(U.S. CLS. 1, 2, 3, 22 AND 41).

FIRST USE 6-1-2003; IN COMMERCE 6-1-2003.

FOR: CLOTHING, NAMELY, FOOTWEAR, JACK-
ETS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 0-0-1978; IN COMMERCE 0-0-1978.

OWNER OF U.S. REG. NO. 1,244,640.

SER. NO. 76-618,758, FILED 11-1-2004.

BILL DAWE, EXAMINING ATTORNEY

# EXHIBIT D



# EXHIBIT E

